NOT FOR PUBLICATION



FILED & ENTERED

MAY 01 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Bever    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>MARILU F. TOUMA,<br><br>        Debtor. | Case No.: 1:14-bk-13028-MB<br><br>Chapter 7<br><br>Adv. Proc. No.  1:14-ap-01155-MB |
| MARILU TOUMA,<br><br>        Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC. f/k/a SALLIE MAE, INC. and SLM CORPORATION,<br><br>        Defendants. | **MEMORANDUM OF DECISION**<br><br>Hearing<br><br>Date:  April 22, 2015<br>Time:  10:30 a.m.<br>Place:  Courtroom 303<br>       21041 Burbank Blvd<br>       Woodland Hills, CA 91367 |

In this Adversary Proceeding, plaintiff Marilu F. Touma ("Plaintiff"), a *pro se* chapter 7 debtor, seeks a discharge of her educational loan debt under Bankruptcy Code section 523(a)(8), on the ground that repayment would constitute an "undue hardship" within the meaning of that statute.  11 U.S.C. § 523(a)(8).  Ms. Touma regrets having to seek relief, but contends that her financial condition and various physical and emotional disabilities render repayment of her educational loan debt impractical.

The holder of these private educational loans, defendant Navient Solutions, Inc. ("Navient"), has conceded that repayment of these loans would indeed constitute an "undue hardship" for Plaintiff and has consented to the relief requested in the Adversary Proceeding, on behalf of itself and defendant SLM Corporation (together with Navient, "Defendants").  Accordingly, the Court will enter judgment in favor of Plaintiff.  We write, however, to briefly clarify the procedural posture of the Adversary Proceeding and the disposition of the various motions pending therein.

* * *

Plaintiff commenced her chapter 7 case on June 18, 2014 (Case Dkt. 1).  On July 22, 2014, the chapter 7 trustee assigned to her case, David Seror, filed a *Report of No Distribution* (Case Dkt. 12).  On September 5, 2014, Plaintiff filed her complaint commencing this Adversary Proceeding. (Adv. Dkt. 1).  On September 29, 2014, the Court entered a discharge in favor of Plaintiff (Case Dkt. 15) and, on February 12, 2015, closed her chapter 7 case (Case Dkt. 17).

Defendant answered the original complaint on October 13, 2014 (Adv. Dkt. 6), after which time Plaintiff filed a series of amended complaints without leave of Court.  *See* Adv. Dkt. 7 (November 4, 2014), 16 (January 26, 2015), 20 (March 19, 2015).  None of the amended complaints substantially altered the relief requested, but instead provided incrementally more and updated information in support of Plaintiff's cause of action for a discharge.

The Defendants have identified the four loans as follows, with approximate loan balances as of the commencement of the Adversary Proceeding (the "Education Loans"):

    a.  one (1) educational loan disbursed on March 17, 2000, with a balance, as of September 5, 2004, including principal, interest and fees, totaling $22,829.80;

      b.  one (1) educational loan disbursed on September 1, 2005, with a balance, as of September 5, 2004, including principal and interest, totaling $106,721.00;

      c.  one (1) educational loan disbursed on July 24, 2006, with a balance, as of September 5, 2004, including principal and interest, totaling $72,710.74; and

      d.  one (1) educational loan disbursed on August 10, 2007, with a balance, as of September 5, 2004, including principal and interest, totaling $49,536.84.

Defendants' Motion at 2. Based on information provided to Plaintiff by the servicer, these four loans are administered under Navient account number 9124221298, and are identified respectively as ID # 1-03, Acc. #5029-3507-0281-4026, Acc. # 5029-3507-0281-4034, Acc. # 5029-3507-0281-4042. *See* Amended Complaint filed March 19, 2015.

      On April 22, 2015, the Court held a status conference in this Adversary Proceeding and a hearing on two pending motions: *Navient Solutions, Inc.'s Motion to Enter Judgment for the Plaintiff and For Dismissal of This Adversary Proceeding* (Adv. Dkt. 18) ("Defendants' Motion") and *Plaintiff's Motion to Enter Summary Judgment in Favor of the Plaintiff in this Adversary Proceeding* (Adv. Dkt. 40) ("Plaintiff's Motion"). Plaintiff appeared on her own behalf and Robert S. Lampl appeared on behalf of the Defendants.

      It is evident from both motions and the parties' representations at the hearing that Defendants have been attempting to bring this Adversary Proceeding to a conclusion in favor of Plaintiff, but that the parties have not been able to agree on the terms of a written stipulation. Plaintiff, for instance, has sought a detailed acknowledgement by Defendants of her physical and emotional conditions. The Defendants, in turn, have declined to include such an acknowledgement on the basis that their consent to the relief requested renders any such acknowledgement unnecessary.

      The Court concludes that it is unnecessary to wade through the thicket of allegations and arguments regarding what should or should not be included in a stipulation between the parties. The Court does not have the authority to dictate the terms of a settlement. The Court, however, does have the statutory and constitutional authority to enter final judgment in this matter, a core matter arising under title 11. *See* 28 U.S.C. § 1334, 28 U.S.C. § 157(b); 11 U.S.C. § 523(a).

Moreover, where the Defendants consent to the relief, there is no controversy remaining for the Court to adjudicate.

On the record of the April 22, 2015 hearing, counsel for Defendants acknowledged and agreed on behalf of his clients: (i) that the amended complaint filed on March 19, 2015 should be deemed properly filed, (ii) that Plaintiff satisfies the prerequisites for a "hardship discharge" under Bankruptcy Code section 523(a)(8), and (iii) that Defendants consent to the discharge of Plaintiff's four education loans, as requested in her amended complaint. Based on these acknowledgments, the Court will separately: (i) enter judgment in favor of Plaintiff, (ii) enter an order denying the Plaintiff's Motion as moot, and (iii) enter an order denying the Defendants' Motion as moot. Each party is to bear its own costs in respect of this Adversary Proceeding.

Additionally, the Court notes that there is a pending motion by Plaintiff to compel responses to form interrogatories and impose monetary sanctions. (Adv. Dkt. 25) The Court concludes that the discovery relief requested is moot and therefore denies the discovery request. As to the remainder of the relief requested in the Discovery Motion, the motion is denied. A separate order will be entered. Thereafter, the Clerk of the Court is directed to close this Adversary Proceeding.

###

Date: May 1, 2015

_____
Martin R Barash
United States Bankruptcy Judge